F I L E D
Clerk
District Court

JUN -4 2009

for The Northern Mariana Islands
By_____
(Deputy Clerk)

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| MURUGESAN SABBAIAH,<br><br>Plaintiff,<br><br>v.<br><br>L&T GROUP OF COMPANIES, LTD. and GTS SECURITY AGENCY,<br><br>Defendants. | Civil Action No. 08-0044<br><br>**ORDER GRANTING DEFENDANT L&T GROUP OF COMPANIES, LTD.'S MOTION FOR SUMMARY JUDGMENT** |

THIS MATTER came before the Court on Thursday, May 28, 2009 at 9:00 a.m. for hearing of Defendant L&T Group of Companies, Ltd.'s (L&T) Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c).[1] Defendant appeared by and through its attorneys Steven P. Pixley and Gilbert J. Birnbrich. Plaintiff Murugesan Sabbaiah appeared *pro se*.[2] Having carefully reviewed the parties' briefs and the relevant legal authority, and having had the benefit of oral argument and good cause appearing, the Court hereby GRANTS the motion.[3]

### BACKGROUND

Plaintiff, an Indian national, was employed as a security guard by Defendant at its affiliated factory. (Mot., Decl. of Joaquin S. Torres ¶ 4 (Decl. Torres).) The factory was

---

[1] All further references to "Defendant" refer solely to L&T because GTS Security Agency (GTS) was dismissed with prejudice. (Stip. For Dismissal With Prejudice, Docket #17.)

[2] The spelling of Plaintiff's name varies between Sabbaiah and Subbaiah throughout the record. In the interest of conformity, the Court here uses the spelling provided in Plaintiff's complaint.

[3] At the hearing on this motion, the Court struck the Declaration of Stephen C. Woodruff because (1) he does not represent Plaintiff; and (2) it is not based on personal knowledge and is thus incompetent.

scheduled to close due to economic reasons. (*Id.* ¶ 5.) Plaintiff was slated to be terminated due to this closure. (*Id.* ¶ 7.) On January 5, 2007, the Commonwealth Department of Labor (DOL) authorized all employees of Defendant to transfer to another employer within 45 days of February 6, 2007. (Mot., Ex. D, *In re Dir. of Labor v. Concorde Garment Mfg. Corp.*, C.A.C. No. 06-166-12 (Jan. 05, 2007) (Administrative Order Re Transfer Relief and Other Issues at 3, 4).) Due to recent heart surgery, Plaintiff's transfer period was extended until November 3, 2007. (Decl. Torres ¶ 9; Compl. ¶ 16; *see* Mot., Decl. of Colin M. Thompson ¶ 4, Ex. E, *In re Dir. of Labor v. Concorde Garment Mfg. Corp.*, C.A.C. No. 06-166-12 (Sept. 19, 2007) (Amended Administrative Order Re Transfer Relief for Murugesan Sabbaiah at 2).) Plaintiff was denied transfer by GTS on July 7, 2007. (Compl. ¶ 25.)

Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) on January 9, 2008, alleging that Defendant and GTS had violated the Americans with Disabilities Act (ADA) and Title VII of the Civil Rights Act (Title VII). (*See* Decl. Torres ¶ 17, Ex. C, EEOC Notice of Charge of Discrimination, EEOC Declaration of Murugesan Sabbaiah.)

Subsequently, Plaintiff filed a complaint in this Court against Defendant and GTS alleging the following three causes of action: (1) Defendant violated the ADA, 42 U.S.C § 12112, by not paying Plaintiff's medical expenses; (2) Defendant violated Title VII, 42 U.S.C. § 2000e-2(a)(1), by directly discouraging or providing information to discourage GTS from hiring Plaintiff because of his disabling medical condition; and (3) Defendant violated Title VII, 42 U.S.C. §§ 2000e-2(a)(1), (2), by discriminating against him on the basis of his national origin. (Compl. ¶¶ 30, 31, 35-37, 40-42.) The Court will address additional specific facts as required in the analysis.

## ANALYSIS

**A.     Rule 56 Summary Judgment Legal Standard**

Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Rule 56 provides that the movant is entitled to judgment as a matter of law "if the pleadings, the

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact . . . ." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of establishing that there is no genuine issue of material fact by "pointing out to the district court [] that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25 (1986) (holding that the summary judgment burden may be fulfilled with or without supporting evidence). The evidence is to be viewed in the light most favorable to the non-moving party, with summary judgment denied if the direct evidence from both parties conflicts. *Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The trial court may not weigh conflicting versions of a fact on a motion for summary judgment; "Rule 56 calls for the judge to determine whether there exists a genuine issue for trial, not to weigh the evidence himself and determine the truth of the matter." *Baxter v. MCA, Inc.*, 812 F.2d 421, 424 (9th Cir. 1987), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Once the moving party has met its burden, the opposing party "must – by affidavits or [other admissible evidence] – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Summary judgment motions for claims brought in Title VII or ADA cases must be analyzed under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under *McDonnell Douglas*, the plaintiff carries the burden of first establishing a *prima facie* case of discrimination based on disparate treatment or impact. A claim is of disparate treatment when the plaintiff alleges that the employer's treatment of the plaintiff was motivated by discriminatory intent. If the plaintiff can successfully establish a *prima facie* case of disparate treatment, the plaintiff is entitled to the presumption of discrimination and the burden then shifts to the defendant to provide a "legitimate, nondiscriminatory reason" for the challenged action. *Id.* A legitimate, nondiscriminatory reason rebuts the presumption of discrimination and "the plaintiff may defeat summary judgment by satisfying the usual standard of proof required in civil cases under Fed.R.Civ.P. 56(c)." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2005) (citations omitted).

B.  **Statute of Limitations Bars All Claims**

Title VII and ADA claims must be filed with the EEOC within 180 days after the alleged unlawful employment practice. 42 U.S.C. §§ 2000e-5(e)(1), 12117(a); *Sosa v. Hiraoka*, 920 F.2d 1451, 1455 (9th Cir. 1990). Here, the most recent act of discrimination alleged by Plaintiff occurred on July 7, 2007 when GTS, not Defendant, allegedly did not hire Plaintiff because of his disabling medical condition. Plaintiff filed his charge with the EEOC on January 9, 2008, 186 days after the alleged unlawful employment practice. Therefore, even if GTS's allegedly discriminatory act could be attributed to Defendant, the statute of limitations bars the instant complaint.

Accordingly, there is no genuine issue of material fact and judgment for Defendant is GRANTED.

Due to the jurisdictional bar presented by the statute of limitations, the Court need not consider Defendant's other alleged grounds for summary judgment. The Court makes no findings of fact or conclusions of law regarding any claims arising under the law of the Commonwealth of the Northern Mariana Islands that Plaintiff may have stemming from Defendant's duty to pay Plaintiff's medical expenses.

## CONCLUSION

Plaintiff's ADA and Title VII causes of action are barred by the statute of limitations and Defendant is entitled to summary judgment as a matter of law. Accordingly, the motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Dated: 6-4-09

ALEX R. MUNSON
UNITED STATES DISTRICT JUDGE